# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL26004866-00

HENRICO Circuit Court

4309 E. PARHAM ROAD, RICHMOND 23228-

ADDRESS

TO:

COSTCO WHOLESALE CORPORATION, SERVE: CT CORPORATION SYSTEM

REGISTERED AGENT

4701 COX ROAD, SUITE 285

GLEN ALLEN, VA 23060-6808

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

JUNE 23, 2026 — BARSHINGER, HEIDI S, Clerk

DATE

by /S/ CRIGGER, JOHN

DEPUTY CLERK

Instructions:

Hearing Official:

EXHIBIT

A

FORM CC-1400 MASTER 10/13

Uploaded: 2026JUN22 15:52 Filed By:ABRICKER on behalf of Bar# 27941 EALLEN Reference: EF-206220
eFiled: 2026JUN22 HENRICO CC CRI023 at 2026JUN23 08:07 CL26004866-00

VIRGINIA:

IN THE HENRICO COUNTY CIRCUIT COURT

Case No. _______________

PATRICIA WILLIS, Plaintiff

v.

COSTCO WHOLESALE CORPORATION
Serve: C T Corporation, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060-6808
(PRIVATE PROCESS)

and

COASTAL SUNBELT PRODUCE, LLC
d/b/a FRESHPOINT COASTAL SUNBELT PRODUCE
Serve: Corporation Service Company, Registered Agent
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219-4100
(PRIVATE PROCESS)

and

SYSCO CORPORATION, Defendants.
Serve: Corporation Service Company, Registered Agent
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219-4100
(PRIVATE PROCESS)

**COMPLAINT**

COMES NOW the plaintiff Patricia Willis , and through her attorneys, and alleges as follows:

**PARTIES**

1. At all relevant times, Defendant Costco Wholesale Corporation ("Costco Wholesale Corporation") owned, operated, occupied, and controlled a Costco Wholesale Store located at 9650 West Broad Street, Glen Allen, Virginia 23060 (hereinafter, "the store").

2. Defendant Costco Wholesale Corporation is a Washington corporation and has appointed an agent to receive process in Henrico County, Virginia.

3. At all relevant times, Defendant Costco Wholesale Corporation was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is the subject of this action.

4. Upon information and belief, Defendant Costco Wholesale Corporation conducts substantial business activity in the County of Henrico, Virginia.

5. At all relevant times, Defendant Coastal Sunbelt Produce, LLC d/b/a FreshPoint Coastal Sunbelt Produce ("Coastal Sunbelt Produce") was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is the subject of this action.

6. Defendant Coastal Sunbelt Produce is a Maryland limited liability company and has appointed an agent to receive process in the City of Richmond, Virginia.

7. At all relevant times, Defendant Sysco Corporation ("Sysco Corporation") was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is the subject of this action.

8. Defendant Sysco Corporation is a Delaware corporation and has and has appointed an agent to receive process in the City of Richmond, Virginia.

9. Plaintiff is a citizen and resident of the Commonwealth of Virginia.

**COUNT I – NEGLIGENCE**
**(Costco Wholesale Corporation)**

10. Plaintiff repeats and realleges the prior paragraphs as if set forth herein.

11. At all relevant times, Defendant Costco Wholesale Corporation was engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

12. At that time and place, Defendant Costco Wholesale Corporation operated the store by and through its agents, servants, and employees acting at all times material hereto within the course and scope of their agency and/or employment.

13. At all times relevant to this action, the wrongful acts and omissions outlined herein were committed by one or more individuals who were acting within the course and scope of their employment and agency with Defendant Costco Wholesale Corporation.

14. Defendant Costco Wholesale Corporation is vicariously liable for the wrongful acts and omissions of its employees and agents.

15. At all relevant times, Defendant Costco Wholesale Corporation was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is the subject of this action.

16. As part of the store, Defendant Costco Wholesale Corporation sold various food items, including shrimp salad.

17. Defendant Costco Wholesale Corporation was engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

18. On or about July 2, 2024, Plaintiff purchased a package of shrimp salad at the Costco Wholesale Store located at 9650 West Broad Street, Glen Allen, Virginia 23060 in Henrico County, Virginia.

19. The shrimp salad had been prepared by and placed into the stream of commerce by the defendant Costco Wholesale Corporation.

20. The shrimp salad was prepared and intended for human consumption and Defendant Costco Wholesale Corporation knew that the shrimp salad was likely to be consumed without inspection for contamination.

21. On or about July 3, 2024, the shrimp salad was consumed by the plaintiff.

22. The shrimp salad purchased was contaminated.

23. At that time and place, the shrimp salad that Plaintiff consumed was unfit for human consumption.

24. As a result of consuming the contaminated shrimp salad, Plaintiff developed food poisoning, became seriously ill, required medical treatment, was hospitalized, and required follow up care.

25. The defendant Costco Wholesale Corporation had a duty to exercise proper care in the storage, preparation, handling, distribution, inspection, offering for sale, sale, and delivery of the shrimp salad offered to the public and consumed by Plaintiff.

26. The defendant Costco Wholesale Corporation negligently failed to exercise proper care in the storage, preparation, handling, distribution, inspection, offering for sale, sale, and delivery of the shrimp salad offered to the public and consumed by Plaintiff.

27. Plaintiff's food poisoning illness was the direct and proximate result of the defendant Costco Wholesale Corporation's negligence in storing, preparing, handling, distributing, inspecting, offering for sale, selling, and delivering the contaminated shrimp salad to Plaintiff.

28. As a direct and proximate result of the defendant Costco Wholesale Corporation's negligence in storing, preparing, handling, distributing, inspecting, offering for sale, selling, and delivering the contaminated shrimp salad, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT II –BREACH OF IMPLIED WARRANTY OF FITNESS AND WHOLESOMENESS**
**(Costco Wholesale Corporation)**

29. Plaintiff repeats and realleges the prior allegations as set forth herein.

30. Under Virginia Code § 8.2-315, where a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to furnish suitable goods, there is an implied warranty that the foods shall be fit for such purpose.

31. At all relevant times, the defendant Costco Wholesale Corporation was a seller with respect to food products.

32. At the time of sale, a seller of food for human consumption impliedly warrants that the food is wholesome.

33. The defendant Costco Wholesale Corporation impliedly warranted that the shrimp salad that it prepared, sold, and delivered was wholesome and fit for the purpose for which it was sold, i.e., human consumption.

34. The defendant Costco Wholesale Corporation breached its implied warranty of fitness and wholesomeness as described above in that the shrimp salad was contaminated.

35. As a direct and proximate result of the defendant Costco Wholesale Corporation's breach of implied warranty, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Costco Wholesale Corporation)**

36. Plaintiff repeats and realleges the prior allegations as set forth herein.

37. Under Virginia Code § 8.2-314, a merchant that sells goods impliedly warrants that the goods are merchantable, i.e., that the goods will pass without objection in the trade under the contract description; that the goods are fit for the ordinary purposes for which such goods are

used; and, that the goods are adequately contained, packaged, and labeled as the agreement requires.

38. The defendant Costco Wholesale Corporation, at the time of serving or selling shrimp salad to the plaintiff, was a merchant with respect to food products, including the shrimp salad consumed by the plaintiff.

39. The defendant Costco Wholesale Corporation had a duty to exercise proper care in the processing, preparation, distribution, inspection, offering for sale, serving and sale of the shrimp salad offered to the public and sold to the plaintiff.

40. The defendant Costco Wholesale Corporation impliedly warranted that the shrimp salad which it prepared, served, and sold to the plaintiff was of good and merchantable quality.

41. The shrimp salad which Defendant Costco Wholesale Corporation prepared, served, and sold to the plaintiff was contaminated, deleterious to health, and unfit for human consumption because of the presence of a contaminate.

42. The defendant Costco Wholesale Corporation breached the warranty of merchantability.

43. As a direct and proximate result of the defendant Costco Wholesale Corporation's breach of implied warranty, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT IV – VIRGINIA CONSUMER PROTECTION ACT**
**(Costco Wholesale Corporation)**

44. Plaintiff repeats and realleges the prior allegations as set forth herein.

45. At all relevant times, the shrimp salad was a "good" within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq.*

46. At all relevant times, the offering for sale and the sale of the shrimp salad was a "consumer transaction" within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq.*

47. At all relevant times, the defendant Costco Wholesale Corporation was a "supplier" of goods under the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq.*

48. At all relevant times, the defendant Costco Wholesale Corporation was engaged in a "consumer transaction" pertaining to the shrimp salad, within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq.*

49. The Virginia Consumer Protection Act prohibits a supplier that is engaged in a consumer transaction from misrepresenting that its goods have certain characteristics, ingredients, uses, or benefits; mispresenting that its goods are of a particular standard or quality; and, using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

50. The defendant Costco Wholesale Corporation's actions, as described herein, were prohibited practices under Virginia Code § 59.1-200 and violated the Virginia Consumer Protection Act.

51. As a direct and proximate result of the defendant Costco Wholesale Corporation's violations of the Virginia Consumer Protection Act, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT V – NEGLIGENCE *PER SE***
**(Costco Wholesale Corporation)**

52. Plaintiff repeats and realleges the prior allegations as set forth herein.

53. At the time and place of the incident described herein, the Commonwealth of Virginia had a statute in effect, Virginia Code § 3.2-5122, which prohibited the sale of adulterated food.

54. Plaintiff is a member of the class of people for whose protection the statute described above was enacted.

55. The defendant Costco Wholesale Corporation failed to comply with the statute in that it sold contaminated shrimp salad which rendered the shrimp salad injurious to human health.

56. The failure to comply with and violation of the statute by the defendant Costco Wholesale Corporation constitutes negligence *per se*.

57. As a result of the breaches of implied warranties, negligence, and negligence *per se* by the defendant Costco Wholesale Corporation, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT VI – NEGLIGENCE**
**(Coastal Sunbelt Produce, LLC d/b/a FreshPoint Coastal Sunbelt Produce)**

58. Plaintiff repeats and realleges the prior paragraphs as if set forth herein.

59. In addition to and/or in the alternative, at all relevant times, Defendant Coastal Sunbelt Produce was engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

60. At all times relevant to this action, the wrongful acts and omissions outlined herein were committed by one or more individuals who were acting within the course and scope of their employment and agency with Defendant Coastal Sunbelt Produce.

61. Defendant Coastal Sunbelt Produce is vicariously liable for the wrongful acts and omissions of its employees and agents.

62. At all relevant times, Defendant Coastal Sunbelt Produce was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is the subject of this action.

63. As part of the store, Defendant Coastal Sunbelt Produce sold various food items, including shrimp salad.

64. Defendant Coastal Sunbelt Produce was engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

65. On or about July 2, 2024, Plaintiff purchased a package of shrimp salad which had been prepared by and placed into the stream of commerce by the defendant Coastal Sunbelt Produce.

66. The shrimp salad was prepared and intended for human consumption and Defendant Coastal Sunbelt Produce knew that the shrimp salad was likely to be consumed without inspection for contamination.

67. On or about July 3, 2024, the shrimp salad was consumed by the plaintiff.

68. The shrimp salad purchased was contaminated.

69. At that time and place, the shrimp salad that Plaintiff consumed was unfit for human consumption.

70. As a result of consuming the contaminated shrimp salad, Plaintiff developed food poisoning, became seriously ill, required medical treatment, was hospitalized, and required follow up care.

71. The defendant Coastal Sunbelt Produce had a duty to exercise proper care in the storage, preparation, handling, distribution, inspection, offering for sale, sale, and delivery of the shrimp salad offered to the public and consumed by Plaintiff.

72. The defendant Coastal Sunbelt Produce negligently failed to exercise proper care in the storage, preparation, handling, distribution, inspection, offering for sale, sale, and delivery of the shrimp salad offered to the public and consumed by Plaintiff.

73. Plaintiff's food poisoning illness was the direct and proximate result of the defendant Coastal Sunbelt Produce's negligence in storing, preparing, handling, distributing, inspecting, offering for sale, selling, and delivering the contaminated shrimp salad to Plaintiff.

74. As a direct and proximate result of the defendant Coastal Sunbelt Produce's negligence in storing, preparing, handling, distributing, inspecting, offering for sale, selling, and delivering the contaminated shrimp salad, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT VII –BREACH OF IMPLIED WARRANTY OF FITNESS AND WHOLESOMENESS**
**(Coastal Sunbelt Produce)**

75. Plaintiff repeats and realleges the prior allegations as set forth herein.

76. Under Virginia Code § 8.2-315, where a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to furnish suitable goods, there is an implied warranty that the foods shall be fit for such purpose.

77. At all relevant times, the defendant Coastal Sunbelt Produce was a seller with respect to food products.

78. At the time of sale, a seller of food for human consumption impliedly warrants that the food is wholesome.

79. The defendant Coastal Sunbelt Produce impliedly warranted that the shrimp salad that it prepared, sold, and delivered was wholesome and fit for the purpose for which it was sold, i.e., human consumption.

80. The defendant Coastal Sunbelt Produce breached its implied warranty of fitness and wholesomeness as described above in that the shrimp salad was contaminated.

81. As a direct and proximate result of the defendant Coastal Sunbelt Produce's breach of implied warranty, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT VIII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Coastal Sunbelt Produce)**

82. Plaintiff repeats and realleges the prior allegations as set forth herein.

83. Under Virginia Code § 8.2-314, a merchant that sells goods impliedly warrants that the goods are merchantable, i.e., that the goods will pass without objection in the trade under the contract description; that the goods are fit for the ordinary purposes for which such goods are used; and, that the goods are adequately contained, packaged, and labeled as the agreement requires.

84. The defendant Coastal Sunbelt Produce, at the time of serving or selling the shrimp salad to the plaintiff, was a merchant with respect to food products, including the shrimp salad consumed by the plaintiff.

85. The defendant Coastal Sunbelt Produce had a duty to exercise proper care in the processing, preparation, distribution, inspection, offering for sale, serving and sale of the shrimp salad offered to the public and sold to the plaintiff.

86. The defendant Coastal Sunbelt Produce impliedly warranted that the shrimp salad which it prepared, served, and sold to the plaintiff was of good and merchantable quality.

87. The shrimp salad which Defendant Coastal Sunbelt Produce prepared, served, and sold to the plaintiff was contaminated, deleterious to health, and unfit for human consumption because of the presence of a contaminate.

88. The defendant Coastal Sunbelt Produce breached the warranty of merchantability.

89. As a direct and proximate result of the defendant Coastal Sunbelt Produce's breach of implied warranty, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT IX – VIRGINIA CONSUMER PROTECTION ACT**
**(Coastal Sunbelt Produce)**

90. Plaintiff repeats and realleges the prior allegations as set forth herein.

91. At all relevant times, the shrimp salad was a "good" within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

92. At all relevant times, the offering for sale and the sale of the shrimp salad was a "consumer transaction" within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

93. At all relevant times, the defendant Coastal Sunbelt Produce was a "supplier" of goods under the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

94. At all relevant times, the defendant Coastal Sunbelt Produce was engaged in a "consumer transaction" pertaining to the shrimp salad, within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

95. The Virginia Consumer Protection Act prohibits a supplier that is engaged in a consumer transaction from misrepresenting that its goods have certain characteristics, ingredients, uses, or benefits; mispresenting that its goods are of a particular standard or quality; and, using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

96. The defendant Coastal Sunbelt Produce's actions, as described herein, were prohibited practices under Virginia Code § 59.1-200 and violated the Virginia Consumer Protection Act.

97. As a direct and proximate result of the defendant Coastal Sunbelt Produce's violations of the Virginia Consumer Protection Act, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT X – NEGLIGENCE *PER SE***
**(Coastal Sunbelt Produce)**

98. Plaintiff repeats and realleges the prior allegations as set forth herein.

99. At the time and place of the incident described herein, the Commonwealth of Virginia had a statute in effect, Virginia Code § 3.2-5122, which prohibited the sale of adulterated food.

100. Plaintiff is a member of the class of people for whose protection the statute described above was enacted.

101. The defendant Coastal Sunbelt Produce failed to comply with the statute in that it sold contaminated shrimp salad which rendered the shrimp salad injurious to human health.

102. The failure to comply with and violation of the statute by the defendant Coastal Sunbelt Produce constitutes negligence *per se*.

103. As a result of the breaches of implied warranties, negligence, and negligence *per se* by the defendant Coastal Sunbelt Produce, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT XI – NEGLIGENCE**
**(Sysco Corporation)**

104. Plaintiff repeats and realleges the prior paragraphs as if set forth herein.

105. In addition to and/or in the alternative, at all relevant times, Defendant Sysco Corporation was engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

106. At all times relevant to this action, the wrongful acts and omissions outlined herein were committed by one or more individuals who were acting within the course and scope of their employment and agency with Defendant Sysco Corporation.

107. Defendant Sysco Corporation is vicariously liable for the wrongful acts and omissions of its employees and agents.

108. At all relevant times, Defendant Sysco Corporation was the manufacturer, supplier, packager, distributor, and/or seller of the adulterated food product that is the subject of this action.

109. As part of the store, Defendant Sysco Corporation sold various food items, including shrimp salad.

110. Defendant Sysco Corporation was engaged in the business of selling or introducing into the stream of commerce food products intended for human consumption.

111. On or about July 2, 2024, Plaintiff purchased a package of shrimp salad which had been prepared by and placed into the stream of commerce by the defendant Sysco Corporation.

112. The shrimp salad was prepared and intended for human consumption and Defendant Sysco Corporation knew that the shrimp salad was likely to be consumed without inspection for contamination.

113. On or about July 3, 2024, the shrimp salad was consumed by the plaintiff.

114. The shrimp salad purchased was contaminated.

115. At that time and place, the shrimp salad that Plaintiff consumed was unfit for human consumption.

116. As a result of consuming the contaminated shrimp salad, Plaintiff developed food poisoning, became seriously ill, required medical treatment, was hospitalized, and required follow up care.

117. The defendant Sysco Corporation negligently had a duty to exercise proper care in the storage, preparation, handling, distribution, inspection, offering for sale, sale, and delivery of the shrimp salad offered to the public and consumed by Plaintiff.

118. The defendant Sysco Corporation negligently failed to exercise proper care in the storage, preparation, handling, distribution, inspection, offering for sale, sale, and delivery of the shrimp salad offered to the public and consumed by Plaintiff.

119. Plaintiff's food poisoning illness was the direct and proximate result of the defendant Sysco Corporation's negligence in storing, preparing, handling, distributing, inspecting, offering for sale, selling, and delivering the contaminated shrimp salad to Plaintiff.

120. As a direct and proximate result of the defendant Sysco Corporation's negligence in storing, preparing, handling, distributing, inspecting, offering for sale, selling, and delivering the contaminated shrimp salad, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

## COUNT XII –BREACH OF IMPLIED WARRANTY OF FITNESS AND WHOLESOMENESS
## (Sysco Corporation)

121. Plaintiff repeats and realleges the prior allegations as set forth herein.

122. Under Virginia Code § 8.2-315, where a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to furnish suitable goods, there is an implied warranty that the foods shall be fit for such purpose.

123. At all relevant times, the defendant Sysco Corporation was a seller with respect to food products.

124. At the time of sale, a seller of food for human consumption impliedly warrants that the food is wholesome.

125. The defendant Sysco Corporation impliedly warranted that the shrimp salad that it prepared, sold, and delivered was wholesome and fit for the purpose for which it was sold, i.e., human consumption.

126. The defendant Sysco Corporation breached its implied warranty of fitness and wholesomeness as described above in that the shrimp salad was contaminated.

127. As a direct and proximate result of the defendant Sysco Corporation's breach of implied warranty, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT XIII –BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(Sysco Corporation)**

128. Plaintiff repeats and realleges the prior allegations as set forth herein.

129. Under Virginia Code § 8.2-314, a merchant that sells goods impliedly warrants that the goods are merchantable, i.e., that the goods will pass without objection in the trade under the contract description; that the goods are fit for the ordinary purposes for which such goods are used; and, that the goods are adequately contained, packaged, and labeled as the agreement requires.

130. The defendant Sysco Corporation, at the time of serving or selling the shrimp salad to the plaintiff, was a merchant with respect to food products, including the shrimp salad consumed by the plaintiff.

131. The defendant Sysco Corporation had a duty to exercise proper care in the processing, preparation, distribution, inspection, offering for sale, serving and sale of the shrimp salad offered to the public and sold to the plaintiff.

132. The defendant Sysco Corporation impliedly warranted that the shrimp salad which it prepared, served, and sold to the plaintiff was of good and merchantable quality.

133. The shrimp salad which Defendant Sysco Corporation prepared, served and sold to the plaintiff was contaminated, deleterious to health, and unfit for human consumption because of the presence of a contaminate.

134. The defendant Sysco Corporation breached the warranty of merchantability.

135. As a direct and proximate result of the defendant Sysco Corporation's breach of implied warranty, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT XIV – VIRGINIA CONSUMER PROTECTION ACT**
**(Sysco Corporation)**

136. Plaintiff repeats and realleges the prior allegations as set forth herein.

137. At all relevant times, the shrimp salad was a "good" within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

138. At all relevant times, the offering for sale and the sale of the shrimp salad was a "consumer transaction" within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

139. At all relevant times, the defendant Sysco Corporation was a "supplier" of goods under the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

140. At all relevant times, the defendant Sysco Corporation was engaged in a "consumer transaction" pertaining to the shrimp salad, within the meaning of the Virginia Consumer Protection Act, Virginia Code § 59.1-196, *et seq*.

141. The Virginia Consumer Protection Act prohibits a supplier that is engaged in a consumer transaction from misrepresenting that its goods have certain characteristics,

ingredients, uses, or benefits; mispresenting that its goods are of a particular standard or quality; and, using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

142. The defendant Sysco Corporation's actions, as described herein, were prohibited practices under Virginia Code § 59.1-200 and violated the Virginia Consumer Protection Act.

143. As a direct and proximate result of the defendant Sysco Corporation's violations of the Virginia Consumer Protection Act, Plaintiff was caused to suffer serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

**COUNT XV – NEGLIGENCE *PER SE***
**(Sysco Corporation)**

144. Plaintiff repeats and realleges the prior allegations as set forth herein.

145. At the time and place of the incident described herein, the Commonwealth of Virginia had a statute in effect, Virginia Code § 3.2-5122, which prohibited the sale of adulterated food.

146. Plaintiff is a member of the class of people for whose protection the statute described above was enacted.

147. The defendant Sysco Corporation failed to comply with the statute in that it sold contaminated shrimp salad which rendered shrimp salad injurious to human health.

148. The failure to comply with and violation of the statute by the defendant Sysco Corporation constitutes negligence *per se*.

149. As a result of the breaches of implied warranties, negligence, and negligence *per se* by the defendant Sysco Corporation, Plaintiff was caused to suffer serious and permanent

injuries; has suffered and will suffer in the future pain of body and mind; has suffered inconvenience and physical limitations; has incurred and will incur in the future medical and related expenses; has incurred and will incur loss of earnings and earning capacity; and has incurred other damages as allowed by law.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00), plus pre-judgment and post-judgment interest and costs.

A trial by jury is demanded.

PATRICIA WILLIS

BY: ______________________

Edward L. Allen, Esquire (VSB No. 27941)
Anna E. Katogiritis, Esquire (VSB No. 100309)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Road
Richmond, VA 23230
Telephone: (540) 786-9373
Facsimile: (540) 786-9373
edward.allen@allenandallen.com
anna.katogiritis@allenandallen
*Attorneys for Plaintiff*